787 F.2d 593
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JYOTI P. THACKER, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 85-1234
 United States Court of Appeals, Sixth Circuit.
 3/27/86
 
 AFFIRMED
 E.D.Mich.
 On Appeal from the United States District Court for the Eastern District of Michigan
 Before: ENGEL, KENNEDY and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jyoti P. Thacker appeals the judgment entered against her in the United States District Court for the Eastern District of Michigan on her personal injury claim brought pursuant to the Federal Tort Claims Act, 28 U.S.C. Secs. 2671-2680. Ms. Thacker's claim arose from injuries sustained when she was hit while crossing the street by a truck owned and operated by the United States Postal Service. Michigan substantive law controls this case. Michigan has adopted no-fault motor vehicle liability under which an accident victim can recover economic losses from the tortfeasor only where the injury results in 'death, serious impairment of body function, or permanent serious disfigurement.' M.C.L. Sec. 500.3135. Ms. Thacker seeks to recover $1 million in damages, principally for psychological trauma alleged to have been caused by the accident.
 
 
 2
 Following a two-day bench trial, Judge Charles W. Joiner issued his Findings of Fact and Conclusions of Law. He found that the Postal Service was quilty of negligence in its operation of the truck. However, he ruled that Ms. Thacker was precluded from recovering damages under Michigan's no-fault law because the injuries sustained were not a serious impairment of body function or permanent serious disfigurement. Therefore, Judge Joiner concluded that Ms. Thacker did not meet the threshold requirement under Michigan's no-fault law for recovery for damages.
 
 
 3
 On appeal, Ms. Thacker contends that the district court erred in its ruling that she failed to meet the threshold requirement. Specifically, she argues that the district court erred in finding that the accident did not cause her totally disabling psychological impairment.
 
 
 4
 The parties are agreed that under Michigan's no-fault law the threshold question of whether the injury for which compensation is sought has resulted in death, serious impairment of bodily function, or permanent serious disfigurement under M.C.L. Sec. 500.3135 is a determination which must be made by the trial court. Where based upon disputed evidence, the trial court's determinations are subject to the clearly erroneous standard of review.
 
 
 5
 Upon a careful review of the record of the two-day bench trial on this issue we are of the opinion that Judge Joiner did not err in his application of Michigan substantive law and that his findings of fact were not clearly erroneous.
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.